UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FLOYD McMURRAY,

           Petitioner,           Case No. 1:15-cv-75

v.                                               Honorable Janet T. Neff

WILLIE O. SMITH,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. Factual Allegations

Petitioner presently is incarcerated at Ionia Correctional Facility. Following a jury trial in Wayne County Circuit Court, he was convicted of felony murder, MICH. COMP. LAWS § 750.316(1)(b), felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. On January 29, 2009, he was sentenced to life imprisonment for the felony-murder conviction, 48 to 100 months of imprisonment for the felon-in-possession conviction, and two years of imprisonment for the felony-firearm conviction.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals and the Michigan Supreme Court. In his direct appeal, Petitioner raised the following three issues:

I. DID THE TRIAL COURT ABUSE IT'S DISCRETION IN DENYING [PETITIONER'S] REQUEST FOR SUBSTITUTE COUNSEL?

II. DID THE TRIAL COURT ABUSE IT'S DISCRETION IN DENYING [PETITIONER'S] REQUEST FOR A SELF-DEFENSE INSTRUCTION?

III. DOES INSUFFICIENT EVIDENCE EXIST TO CONVICT [PETITIONER] OF FELONY MURDER?

(Attach. to Pet., docket #1, Page ID#5.) The Michigan Court of Appeals affirmed Petitioner's convictions and sentences on July 1, 2010, and the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 22, 2010.

On January 4, 2013, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court, raising the following eight claims:

I. WAS [PETITIONER] DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL?

    II.      WAS [PETITIONER] DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL?

    III.     DID THE TRIAL COURT'S DENIAL OF [PETITIONER'S] MOTION FOR DIRECT[ED] VERDICT DENY [PETITIONER'S] RIGHT TO DUE PROCESS?

    IV.     DOES [PETITIONER'S] ARREST WARRANT CONTAIN INTENTIONAL MISSTATEMENTS THAT WERE KNOWINGLY INCLUDED BY THE AFFIANT TO ESTABLISH PROBABLE CAUSE?

    V.      IS [PETITIONER'S] ARREST WARRANT TAINTED WITH EVIDENCE THAT IS THE DIRECT RESULT OF UNCONSTITUTIONAL POLICE CONDUCT THAT IS ALSO NECESSARY TO A FINDING OF PROBABLE CAUSE?

    VI.     WAS AN INVOLUNTARY STATEMENT USED TO ESTABLISH PROBABLE CAUSE IN [PETITIONER'S] ARREST WARRANT?

    VII.    DID LAW ENFORCEMENT COMMIT SEVERAL CONSTITUTIONAL VIOLATIONS IN ORDER TO INTERROGATE THE ONLY ALLEGED WITNESS?

    VIII.   DID THE TRIAL COURT DENY [PETITIONER] HIS RIGHT TO [THE] EFFECTIVE ASSISTANCE OF COUNSEL BY DENYING COUNSEL'S MOTION TO WITHDRAW AND FORCING [PETITIONER] TO PROCEED IN PRO PER OR WITH UNWILLING COUNSEL?

(Attach. to Pet., docket #1, Page ID#6.) The trial court denied Petitioner's motion for relief from judgment on August 6, 2013. Petitioner then appealed the denial of his motion to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied his delayed application for leave to appeal on June 16, 2014, for failure to meet the burden of establishing entitlement to relief under MICH. COURT RULE 6.508(D). On November 25, 2014, the Michigan Supreme Court also denied Petitioner's application for leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. COURT RULE 6.508(D).

Petitioner filed his application on or about January 21, 2015, raising the following issues:[1]

I. THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL.

II. THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL BY COUNSEL FAILING TO RAISE NUMEROUS MERITORIOUS DEAD BANG WINNER CLAIMS, WHICH WERE INTEGRAL TO PETITIONER'S CASE AND MAY HAVE RESULTED IN A REVERSAL OF PETITIONER'S CONVICTION AND THE GRANTING OF A NEW TRIAL.

III. THE PETITIONER'S DUE PROCESS RIGHT[S] WERE VIOLATED WHERE THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE PETITIONER'S REQUEST FOR [A] DIRECTED VERDICT WHERE THERE WAS NO UNDERLYING FELONY TO SUPPORT [THE] FELONY[-]MURDER CONVICTION.

IV. THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL WHERE THE TRIAL COURT ABUSED IT'S DISCRETION IN DENYING COUNSEL'S MOTION TO WITHDRAW AFTER THE CLIENT-ATTORNEY RELATIONSHIP HAD COMPLETELY BROKEN DOWN AND COMMUNICATION BETWEEN THE TWO WAS NO LONGER EXISTENT RESULTING IN A FAILURE TO ADEQUATELY DEFEND THE CASE.

(Attach. to Pet., docket #1, Page ID##13, 20, 26, 29.)

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on January 21, 2015, and it was received by the Court on January 27, 2015. Thus, it must have been handed to prison officials for mailing at some time between January 21 and 27. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 22, 2010. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, February 21, 2011.

Petitioner had one year from February 21, 2011, or until February 21, 2012, to file his habeas application. Petitioner filed on January 21, 2015. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2012, his collateral motion filed in 2013 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner does not allege any facts or circumstances that would warrant the application of equitable tolling in this case. Petitioner argues that he was prevented from "effectively timely filing within the one[-] year period [because] he was placed in segregation and [] he was not afforded any assistance." (Attach. to Pet., docket #1, Page ID#36.) However, Petitioner has not specifically alleged how his placement in segregation or his lack of assistance hindered his ability to prepare and mail his petition in a timely manner. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.

1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, the placement of a prisoner in segregation, by itself, also does not justify equitable tolling. The Sixth Circuit, along with several other circuits, has consistently ruled that an inmate who is placed in administrative segregation without access to legal materials is not entitled to equitable tolling. *See Scott v. Kelly,* No. 1:10-cv-518, 2011 WL 127357, at *2 (N.D. Ohio Jan. 14, 2011) (citing *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). Accordingly, ignorance of the law and segregation, separately, do not rise to the level of extraordinary circumstances for equitable tolling. *See Holland*, 560 U.S. at 649.

The Sixth Circuit held in *Jones v. United States*, 689 F.3d 621, 627-28 (6th Cir. 2012), that the combination of barriers faced by a petitioner can rise to the level of extraordinary circumstances for purposes of equitable tolling. In *Jones*, the Sixth Circuit held that the combination of ignorance, *pro se* status, limited literacy, a series of transfers between facilities in which the federal petitioner had no access to his legal materials, and a variety of medical conditions, including seizures, was sufficient to warrant equitable tolling for a 3-month period when the petitioner diligently pursued his rights. *Jones*, 689 F.3d at 627-28. Here, Petitioner failed to file his petition for almost three years after his limitations period expired in 2012, not three-months as in *Jones*, 689 F.3d at 627-28. Further, Petitioner does not allege that he diligently pursued his rights, suffered from a medical condition or was transferred between facilities without access to his legal materials. The combination of segregation and lack of assistance in this action, without more, does not rise to the level of "extraordinary circumstances" found in *Jones*, 689 F.3d at 627-28, for equitable tolling. Therefore, Petitioner is not entitled to the equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 1936.

In the instant case, Petitioner has not provided any evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: March 2, 2015                                         /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).