UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FLOYD MCMURRAY,

         Petitioner,                                      Case No. 1:15-cv-75

v.                                               HON. JANET T. NEFF

WILLIE O. SMITH,

         Respondent.

_____/


**OPINION AND ORDER**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  The matter was referred

to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this

Court deny the petition as time-barred by the one-year statute of limitations (Dkt 2 at 1).  The matter

is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 3).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de

novo consideration of those portions of the Report and Recommendation to which objections have

been made.  The Court denies the objections and issues this Opinion and Order.  The Court will also

issue a Judgment in this § 2254 proceeding.  *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir.

2013) (requiring a separate judgment in habeas proceedings).

      Petitioner is incarcerated at the Ionia Correctional Facility.  He was convicted of felony

murder, felon in possession of a firearm, and possession of a firearm during the commission of a

felony.  The trial court sentenced Petitioner to life imprisonment for the felony-murder conviction,

forty-eight to 100 months of imprisonment for the felon-in-possession conviction, and two years of imprisonment for the felony-firearm conviction.

Petitioner objects to the Magistrate Judge's conclusion that his habeas petition is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA) (Pet'r Obj., Dkt 3 at 1; R & R, Dkt 2 at 1). More specifically, Petitioner asserts that he is entitled to equitable tolling of the limitations period (Pet'r Obj., Dkt 3 at 1). A petitioner seeking equitable tolling of the habeas limitations period has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The Magistrate Judge properly concluded that Petitioner has failed to establish either element. Therefore, his petition is time-barred.

Petitioner contends that "he has shown his diligence by continuing to pursue challenging his conviction by the mere filing of the habeas corpus petition" (Pet'r Obj., Dkt 3 at 2). Filing a habeas petition is not enough to establish diligence. Moreover, Petitioner filed his habeas petition almost three years after the deadline, which instead demonstrates a lack of diligence (R & R, Dkt 2 at 6 (stating that Petitioner had until February 21, 2012 to file his habeas application, but did not file until January 21, 2015)). *See Henry v. Randle*, 23 F. App'x 270, 271 (6th Cir. 2001) (stating that the petitioner was "not entitled to equitable tolling because his nine month delay before filing showed a lack of due diligence").

Next, Petitioner asserts that an extraordinary circumstance stood in his way because he had no way of knowing about the filing requirements "once he was placed in segregation and denied any

type of legal assistance" (Pet'r Obj., Dkt 3 at 2).  Specifically, Petitioner argues that "it is impossible for a pro se petitioner to know . . . the law where it relates to the requirements and mandates of the habeas petition without being afforded any kind of assistance whether that be via the prion's [sic] legal writer program or through access to the prison's law library" (*id.*).  However, Petitioner's argument lacks merit.  The Magistrate Judge properly concluded that a combination of pro se status and limited access to the law library does not constitute an "extraordinary circumstance" to warrant equitable tolling (R & R, Dkt 2 at 8).  *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (stating that the inability to access a trial transcript combined with "pro se status and limited law-library access" is not enough to warrant equitable tolling); *see also Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014) (stating that limited assistance and time in the prison library is not enough to constitute "extraordinary circumstances").

Petitioner has failed to demonstrate that he has been diligent in pursuing his rights or that an extraordinary circumstance stood in his way of filing his habeas petition on time.  Therefore, Petitioner is not entitled to equitable tolling.  As a result, the Magistrate Judge properly concluded that Petitioner's habeas petition is barred by the one-year statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 3) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 2) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: October 30, 2015

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge